IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-20640
_____


EPEC GAS LATIN AMERICA, INC;
EPEC BAJA CALIFORNIA CORPORATION,

Plaintiffs - Appellees,

versus

INTRATEC SA DE CV; INTRATEC RESOURCE CO., L.L.C.,

Defendants - Third-Party Plaintiffs - Appellants,

versus

EL PASO ENERGY CORPORATION;
EL PASO TENNESSEE PIPELINE CO.,

Third-Party Defendants - Appellees.


_____

Appeals from the United States District Court
for the Southern District of Texas
(97-CV-2126)
_____
October 4, 2001


Before REAVLEY, HIGGINBOTHAM, and PARKER, Circuit Judges.

PER CURIAM:[*]

    We affirm for essentially the reasons stated by the trial
court. We are persuaded that the antitrust claims of Intratec S.A.
de C.V., defendants and third-party plaintiffs below, appellants
here, suffer from lack of antitrust injury and that summary

_____

    [*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

judgment was also properly granted on appellants' other claims. Appellants raise no genuine issue of fact regarding any injury suffered as a result of the asserted illegal diminution of competition. They were consultants to Tenneco, a relationship that by the end of 1976 was terminable at will on 30 days written notice.

Relatedly, we conclude, as did the district court, that there is no evidence of a breach of the consulting agreements. Whether or not Tenneco intended to proceed with the Baja project after the bid for Mexicali failed in August 1996, any failure to disclose breached no contractual provision or misled appellants. Appellants concede they would have had no claim if they had been informed in August of 1996 that the Baja project was not to be. Some, such as Ewell Muse, thought the project was dead and others, such as Mr. Holcomb, thought it was still worth pursuing. What is undisputed is that the Baja project was on the "back burner" and Mr. Ruben Mereles of Intratec Resources knew that. Mr. Mereles, for example, participated in two conference calls, on November 5th and November 21st, to discuss the Tenneco strategy for Mexico and the Baja pipeline was on neither agenda – this during the time appellants maintain was critical to the future of the Baja project. Appellants never requested release from their covenants not to compete, although they knew that the Baja project was not being pursued throughout the fall of 1996 and Tenneco Baja terminated

2

the 1994 and 1996 contracts under their 30-day notice provisions by letters dated February 10, 1997.

We find no merit to appellees' arguments and affirm the summary judgment granted by the district court.